THE MAYOR AND COMMON COUNCIL OF THE CITY OF NEWARK v. THE BOARD OF EDUCATION OF THE CITY OF NEWARK.

The common council of the city of Newark have no power to compel the board of education to disburse, under certain terms and conditions, an appropriation for the support of certain public schools not under the charge of the board of education.

For the applicants, *T. Runyon.*

The facts appear in the opinion of the court.

VAN DYKE, J.   This is an application by the mayor and common council of the city of Newark, for a *mandamus* against the board of education of that city, to compel the said board of education to disburse the sum of $5000, appropriated by the said common council for the purpose, among certain schools in the city. The preamble, resolution, and proceedings of the common council on this subject are as follows, *viz.*

" *Whereas* there are, and for a long time past have been

certain public schools in this city, other than the schools under the charge of the board of education, which have been and are supported by voluntary contributions, while at the same time the parents of the children educated therein are required to contribute their full proportion of taxation for the support of other public schools of the city, without deriving any benefit therefrom; and whereas it is just that provision should be made by the common council for the maintenance of the first named schools—therefore

" *Resolved*, That the sum of five thousand dollars be and it is hereby especially appropriated to the board of education, (and the treasurer of this city is hereby directed to credit said board with the same accordingly) to be specifically and exclusively applied by them *pro rata*, according to the number of children usually attending the same, respectively, to such of said public schools, not now under their charge, as shall apply for the benefit thereof within thirty days from the time of the approval of this resolution; provided that the board shall have the power to pass upon the qualification of the teachers to be employed in these schools, as to moral and intellectual fitness, irrespective of religious tenets, leaving to the persons having charge of those schools the nomination of teachers, and the selection of books, and the appointment of religious exercises therein; and that the board shall also have the right to visit and examine those schools in the same manner as other public schools in this city; and provided also, that no application of any part of said money shall be made to any school, the attendance of scholars in which shall be less than seventy-five, and that every school which shall receive the benefit of the appropriation hereby made shall be, at least for the year ensuing the receipt thereof, free to all scholars, in the same manner as the other public schools of this city."

Which resolution was duly approved.

June 26th, 1863, the board of education declined to disburse the appropriation thereby made in accordance with the provisions and directions of the resolution, and the common

council by another resolution, passed July 1st, 1863, directed that application be made to this court for a writ of *mandamus*, to be directed to the board of education, requiring them to disburse the money so appropriated, according to the terms of the first mentioned resolution.

What kind of schools these are, for whose benefit this appropriation is made does not appear, except that they seem always to have been independent of any public authority, and never to have been under the control of the board of education of the city of Newark.

The board of education is willing to receive this money, and disburse and appropriate it according to its own judgment of its duty in such matters, but is not willing to do so according to the terms and conditions imposed by the preamble and resolution of the common council.

The charter of the city of Newark creates and provides for the election of the common council. It also creates the board of education, and provides for the election of its members. They are to be elected in the same manner and at the same times as the members of the common council. This board is by the charter made a corporation of itself, and endowed with a perpetual succession, the right to sue and be sued, &c., as corporations usually are. All its powers and all its duties are expressly provided for in the charter itself. It derives no powers, and is subject to no control from the common council. It is quite as independent of it as the council is of the board; and all the connection which there is between them, and all that they have to do with each other is, that it is made the duty of the board of education to transmit to common council, annually, an estimate of the amount of moneys necessary for the support of public schools in the city during the year, specifying particularly the several sums required for each branch of expenditure; and the common council are then to determine, by resolution, the amount of moneys to be appropriated to the public schools during the year, and raise by tax the money so appropriated; and the board of education is to expend the

money so raised for the support of the public schools in the city, according to the provisions of the charter. The board of education is also required to make to the common council an annual report of the number and condition of the schools, and what has been done in and for them during the year. But in the disbursement and distribution of the money raised the board of education are given the exclusive management and control, and are in no way subject to the direction or interference of the common council, except that it cannot purchase real estate without its concurrence.

Among the powers expressly conferred on the board of education, is the selection and employment of teachers, and to provide school books, school furniture, and school libraries for the schools. But by the resolution of the common council, the board of education is to select neither the teachers nor the books to be used in the schools, nor to interfere with the religious exercises therein. All these things are to be left to the determination of other persons, having the management of the schools referred to in the resolution. We are not informed of the character of these schools, who are to teach them, or what is to be taught in them, and I can see no reason why they may not be Mahomedan, Mormon, or Chinese. And if the common council have the power claimed, and if we order this *mandamus*, the board of education may be compelled to become the protectors and guardians of schools, for the teaching of the exalted and bewildering delights of the koran, the inexpressible blessings of an indefinite number of wives, or the sublime and idolized philosophy of Confucius. I do not think that the board of education is bound to do any such thing, or that the common council of the city have any such power over them.

I think, therefore, that the *mandamus* applied for should not be ordered.

*Mandamus* refused.